AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Western District of Texas

FILED
September 28, 2020
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____Veronica Medina_____
DEPUTY

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Alfredo LOPEZ | ) | Case No.  **EP-20-MJ-3281-LS** |
| aka: Alfredo Santibanez LOPEZ | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __September 25, 2020__ in the county of __El Paso__ in the __Western__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC 952 | defendant did, knowingly and intentionally import into the United States from the Republic of Mexico, approximately 6.1 kilograms (gross weight) of methamphetamine, a Schedule II controlled substance. |

This criminal complaint is based on these facts:

See Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Deborah Rivero-HSI Special Agent
Printed name and title

Sworn to before me and signed in my presence.

Date: 09/28/2020

_____
Judge's signature

City and state: El Paso, Texas    Leon Schydlower- U.S. Magistrate Judge
Printed name and title

**Oath Telephonically Sworn**
At __11:25 AM__

**Fed.R.Crim.P.4.1(b)(2)(A)**

AFFIDAVIT

On September 25, 2020, at approximately 1425 hours, a Customs and Border Protection (CBP) Canine Enforcement Officer (CEO) assigned to the Marcelino Serna Port of Entry (POE) in Tornillo, Texas was conducting roving primary canine operations when his Concealed Human/Narcotics Detector Dog (CHNDD) alerted to the presence of a trained odor emitting from the rear tire area on the driver's side of a red 2015 Ford Explorer bearing Texas license plate KJT3550 in Lane 2. The CBP CEO then notified the primary CBP Officer (CBPO) of the alert who had witnessed the CHNDD signal prior to the vehicle's arrival at primary.

In primary, the CBPO identified the driver as Alfredo LOPEZ and the passenger as being his spouse Eufemia DOMINGUEZ.  LOPEZ negated when asked by the CBPO if LOPEZ had anything to declare or any medication in the vehicle.  LOPEZ further advised the CBPO that LOPEZ was responsible for everything in the vehicle and that the vehicle did not contain any illicit drugs, weapons, or other contraband.

Due to the canine alert on the rear right wheel area of vehicle of an odor which the canine was trained to detect, CBP Officers escorted DOMINGUEZ from the vehicle and directed LOPEZ to proceed to secondary inspection area for further inspection of the vehicle.

While in secondary, a manual inspection of the vehicle revealed an aftermarket trap door leading to a non-factory compartment underneath the rear seats of the vehicle.  Upon further inspection, the non-factory compartment was found to contain five (5) black electrical tape bundles with a gross approximate weight of 6.1 kilograms containing a crystal like substance which field tested positive for the properties and characteristics of crystalized methamphetamine.

Subsequent to the discovery of the suspected bundles of crystalized methamphetamine concealed within the aftermarket compartment, LOPEZ and DOMINGUEZ were escorted to a holding cell pending an interview.

On the same date and at approximately 1705 hours, Homeland Security Investigations (HSI) Special Agent (SA) Deborah Rivero responded to the Tornillo POE to interview LOPEZ and DOMINGUEZ.

DOMINGUEZ was advised of her Miranda Rights in the Spanish language by SA Rivero and witnessed by CBPO Cassandra Mata. DOMINGUEZ waived her rights and agreed to make a statement without the presence of an attorney. The interview was conducted in the Spanish languages and was captured using audio and video equipment.

DOMINGUEZ told SA Rivero she had weight loss surgery in Ciudad Juarez on September 18, 2020 and proceeded to show SA Rivero her recent surgery scars. She said she and her husband had traveled to Ciudad Juarez for a follow-up. Upon arriving at the clinic, DOMINGUEZ said

LOPEZ stayed in the car and she went inside to see the doctor. She exited the building one hour later and saw her husband was not in the parking lot. She called him and he told her he would be there in about ten minutes because he had had gone to get a quick bite to eat. When he arrived, they headed straight to the POE because she needed to pick up their toddler at the day care by 1800 hours. DOMINGUEZ was then placed back in the holding cell.

As SA Rivero was escorting LOPEZ to the interview room LOPEZ yelled out "Please forgive me" in the Spanish language as he passed the holding cell where DOMINGUEZ was being held.

LOPEZ was advised of his Miranda Rights in the Spanish language by SA Rivero and witnessed by CBPO Mata. LOPEZ waived his rights and agreed to make a statement without the presence of an attorney. The interview was conducted in the Spanish language and was captured using audio and video equipment.

LOPEZ admitted to knowingly smuggling drugs from Mexico into the United States and stated DOMINGUEZ had no knowledge as to what he had agreed to do. He said upon arriving at the clinic in Ciudad Juarez, he was approached by unknown and unidentified co-conspirators in Mexico who asked him if he was ready to work again (smuggle drugs). When asked why he was approached by these individuals, LOPEZ said because the vehicle in which he and his wife were stopped in had previously been provided to him for the specific purpose of smuggling drugs and drug proceeds by a criminal organization in Mexico. He explained several years prior, he would get paid to drive narcotic laden vehicles from El Paso, Texas to Dallas, Texas but had stopped after he got re-married and had his child. LOPEZ said he told the men he no longer worked for the criminal organization and declined the offer. The co-conspirators produced a picture of his small child and threatened to harm him if he refused. LOPEZ said he felt hopeless and felt like he had no choice for his safety and that of his child, so he handed his keys over to the men. They returned the vehicle to him about an hour later. LOPEZ did not know what type of drugs he was going to be smuggling and did not know if he would be paid or who he was going to deliver the vehicle to. When asked why he did not inform the CBPO's at the POE of the threat, he said he was an old man now and could not protect his family the way he wanted to.

I make this affidavit on the basis of my personal knowledge and information provided to me by other law enforcement officers. Because this affidavit is being submitted for the limited purpose of establishing probable cause as set forth herein, I have not included each and every fact known to me concerning this investigation.